**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ALAN J. TRUDEAU,<br><br>**Plaintiff,**<br><br>v.<br><br>MARC O'CONNOR, ET AL,<br><br>**Defendants.** | **CIVIL NO.** 26-1475(RAM) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Alan J. Trudeau's ("Plaintiff" or "Trudeau") *Status Report* in response to the Court's Order to Show Cause. (Docket No. 14) In the *Status Report*, Plaintiff concedes that this case should be transferred to the United States District Court for the Middle District of Florida for the convenience of the parties and witnesses and in the interests of justice under 28 U.S.C. § 1404(a). The Court agrees and orders the transfer of this action to the Middle District of Florida-Orlando Division for the following reasons.

## I. INTRODUCTION

This action began with a pro-se *Complaint* filed by Trudeau on July 22, 2026. (Docket No. 1) In a nutshell, the *Complaint* avers that Trudeau has been a resident of Condado, Puerto Rico for over 23 years and he was a victim of "a calculated scheme by Florida Officials to target, defame and unlawfully seize a long-term Puerto

Rico resident through fabricated evidence, misinformation on Federal databases, and fraudulent documents, culminating in an illegal abduction disguised as extradition." Id. at 1 and 4. Defendants are various known and unknown officials of Osceola County. Id. at 1. The *Complaint* further avers that "[a]cting under color of law, the defendants conspired to deprive the complainant of fundamental constitutional protections, including those under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments, as well as Puerto Rico's constitutional safeguards." Id. at 4. According to Plaintiff, he was arrested by an Osceola County Sheriff's Deputy on trumped up charges at a jail in Bayamon, Puerto Rico on December 2, 2016, and then deceitfully transported to Osceola County Jail. Id. at 11. Plaintiff also contends he was coerced into pleading guilty. Id. at 13.

On August 26, 2026, the Court appointed pro-bono counsel and issued the following order to show cause:

> By **October 26, 2026**, Plaintiff through pro-bono counsel, shall: (a) show cause why this action should not be dismissed for lack of personal jurisdiction over defendants; and (b) if the Court has personal jurisdiction, show cause why this action should not be transferred to the United States District Court for the Middle District of Florida under 28 U.S.C. Sec. 1404(a) for the convenience of parties and witnesses and in the interest of justice.

(Docket No. 8).

On October 13, 2026, pro-Bono counsel filed the *Status Report*. (Docket No. 14). In the Status Report, Plaintiff argued that the Court has personal jurisdiction but conceded that the Middle District of Florida "is a more appropriate forum for this action in the interest of justice and for the convenience of the parties and witnesses." (Docket No. 14 ¶ 17).

**II. APLICABLE LAW**

Section 1404 of the Judicial Code of the United States provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). This section codified and liberalized the common law doctrine of *forum non conveniens*, which was embraced by the Supreme Court in Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947). In Norwood v. Kirkpatrick, the Supreme Court reasoned that "Congress, by the term 'for the convenience of parties and witnesses, in the interest of justice,' intended to permit courts to grant transfers upon a lesser showing of inconvenience" than previously required under the doctrine of *forum non conveniens*. 349 U.S. 29, 32 (1955).

The plaintiff's chosen forum is ordinarily afforded deference. Gulf Oil Corp., 330 U.S. at 508 ("unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum

should rarely be disturbed"); Concilio Mision Cristiana Fuente de Agua Viva, Inc. v. Ortiz-Hernandez, 2024 WL 326796, at *5 (D.P.R. 2024) ("[p]laintiff's choice of venue is accorded a strong presumption in its favor") (internal quotation omitted); Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000); Nowak v. Tak How Investments, 94 F.3d 708, 720 (1st Cir. 1996).

When determining whether to grant a transfer, the relevant private-interest factors to be examined by a court are:

> [T]he relative ease of access to sources of proof; availability of compulsory process for the attendance of unwilling and the cost of obtaining the attendance of willing witnesses; possibility of view of the premises; if view would be appropriate to the action; and all other practical problems that make trial of a case, easy, expeditious and inexpensive.

Gulf Oil Corp., 330 U.S. at 508-509; *see also* Aquakem Caribe, Inc. v. Kemiron Atl., Inc., 218 F. Supp. 2d 199, 201-202 (D.P.R. 2002).

Public-interest factors also have a bearing on the transfer determination. Gulf Oil Corp., 330 U.S. at 508. These factors have included "the trial judge's familiarity with the applicable state law, the local interest in adjudicating disputes at home; court congestion in the two forums, [and] the fairness of placing the burden of jury duty on the citizens of the state with greater interest in the dispute." NPR, Inc. v. Am. Int'l Ins. Co. of Puerto Rico, 242 F. Supp. 2d 121, 125 (D.P.R. 2003) (internal quotations omitted).

Considering the aforementioned factors, the decision to transfer under 28 U.S.C. § 1404(a) necessarily requires an "individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)).

## III. DISCUSSION

### A. The Middle District of Florida is a district in which the action could have originally been brought

The Middle District of Florida encompasses Osceola County, which corresponds to that District's Orlando Division. *See* 28 U.S.C. 89(b); Middle District of Florida, Local Rule 1.04(a) (listing the divisions and counties comprised by the Middle District). Venue is proper in that district under 28 U.S.C. § 1391(b)(2) because it is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Save for Plaintiffs arrest in Puerto Rico, all the operative facts of the case including the filing of charges, Plaintiff's conviction, and his sentence occurred in Osceola County and thus within the Middle District's Orlando Division. *See* Docket No. 1 at 11-15. Accordingly, the Middle District of Florida is a District in which the action could have originally been brought.

**B. The private interest factors weigh in favor of transfer:**

**1. The Convenience of the Parties and Witnesses:**

According to the *Complaint*, Trudeau is in custody in Jefferson County Jail, Monticello Florida. The Middle District of Florida-Orlando Division is about 239 miles away.[1] Thus, the Middle District of Florida-Orlando Division is far more convenient to Trudeau. Likewise, the Middle District of Florida should be more convenient to Defendants than the District of Puerto Rico. All known Defendants were officials of Osceola County, Florida. Id. Thus, the convenience of the parties favors transfer.

Generally, plaintiff's choice of venue is accorded a "strong presumption" in its favor. Cuadrado Concepción, 2019 WL 5847216, at *3 (citing Coady, 223 F.3d at 11). That said, "[t]he most important factor in deciding whether to transfer an action is the convenience of the witnesses." *See* Colon Perez v. Metan Marine, Inc., 2018 WL 1664697, at *8 (D.P.R. 2018) (quoting Demers, Jr. v. Pilkington N. Am., Inc., 2010 WL 4683780, at *6 (D.N.H. 2010)). Courts give less weight to a plaintiff's choice of forum when the operative facts occurred elsewhere. Id.

In this case, most of the operative facts occurred in Osceola County, Florida. Moreover, plaintiff has reconsidered his initial choice of a Puerto Rico forum. As for the convenience of witnesses,

[1] *See* US Middle District Court to Jefferson County Jail - Google Maps, (last visited on October 15, 2026).

Trudeau has not identified any. But to the extent he and the Defendants are potential witnesses, the convenience of the witnesses also favors transfer.

**2. Relative Access to Sources of Proof:**

While electronic communication diminishes the relevance of geographic proximity to physical evidence, that "does not render this factor superfluous." Cuadrado Concepcion, 2019 WL 5847216, at *3 (quoting In re Volkswagen of Am., Inc., 545 F.3d 304, 316 (5th Cir. 2008)). To the extent proximity facilitates access to Osceola County Court records relevant to Plaintiffs' allegations, the Middle District of Florida-Orlando Division has the advantage. The relative access to sources of proof weighs in favor of transfer.

**C. The public interest factors also weigh in favor of transfer:**

**1. Familiarity with the applicable law.**

Both judicial districts are familiar with the federal constitutional and statutory provisions cited by Plaintiff. Plaintiff's recourse to Article II, Section 7 of the Puerto Rico Constitution is inconsequential, because that section provides due process protection that mirrors the Fourteenth and Fifteenth Amendments to the Constitution of the United States. *See* Arroyo v. Administración de Correccion, 2010 WL 1006925, at *3, n. 1 (D.P.R. 2010)(citing Nazario v. Dep't of Health of Puerto Rico, 415 F.Supp.2d 48, 48-49 (D.P.R.2006)("[T]he Federal and Puerto Rico

Constitutions contain analogous provisions protecting an individual's right to Due Process of Law.”)).

However, to the extent Florida law may be relevant, it is beyond peradventure that the Middle District of Florida-Orlando Division is more familiar with that law. *See* Allstate Ins. Co. v. Hague, 449 U.S. 302, 326 (1981) (Stevens, J., concurring in the judgment)(“For judges are presumably familiar with their own state law and may find it difficult and time consuming to discover and apply correctly the law of another State.”); Cuadrado Concepción, 2019 WL 5847216. Thus, familiarity with local law weighs slightly in favor of transfer.

**2. Local interest and the burden of jury duty.**

Considerations of local interests in adjudicating disputes at home weigh in favor of transferring this case to Florida. As noted earlier, the operative facts of the case, including the presentation of the allegedly trumped-up charges, took place in Florida. Florida citizens thus have a greater interest in deciding this case than Puerto Rico citizens. Accordingly, the burden of jury duty should fall upon Florida citizens.

## IV. CONCLUSION

Save for Defendant’s arrest, the operative facts of the case occurred within the Middle District of Florida-Orlando Division. After considering both private and public interest factors, the

Court finds that transfer to the Middle District of Florida-Orlando Division is in the interest of justice.

The Clerk of Court shall transfer this case to the United States District Court for the Middle District of Florida-Orlando Division. This case is now closed in the District of Puerto Rico for statistical purposes.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 19th day of October 2026.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge